UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 15-CV-62078 - Moreno/O'Sullivan

CHRISTINA M. CIMAGLIA,
        Plaintiff,

v.

MATTHEW A. MOORE,
        Defendant.
_____/

## DEFENDANT, MATTHEW A. MOORE'S MOTION TO DISMISS AMENDED COMPLAINT AND INCORPORATED MEMORANDUM OF LAW

The Defendant, **MATTHEW A. MOORE** ("MOORE" or "Defendant"), by his undersigned counsel, pursuant to Federal Rules of Civil Procedure ("Rule") 8(a), 9(b), 9(f), 12(b)6, 12(e), 12(f), and based upon the incorporated Memorandum of Law hereby moves this Court to dismiss the Amended Complaint on the grounds that Plaintiff, CHRISTINA M. CIMAGLIA has failed to state claims upon which relief can be granted, failed to properly plead claims and failed to state claims with specificity.

## INTRODUCTION

Plaintiff, CHRISTINA M. CIMAGLIA, filed in October 2015 a three-Count Complaint for Fraud, Unjust Enrichment and Money Lent. MOORE filed a Motion to Dismiss, which was granted as to the fraud claim and denied as to the unjust enrichment and money lent claims. Thereafter, Plaintiff filed an Amended Complaint containing new "General Factual Allegations" in Paragraphs 6-23, all of which paragraph are incorporated into all three Counts of the Amended Complaint, and which allegations negate Plaintiff's claims, make Plaintiff's claims more ambiguous and otherwise objectionable.

1

Plaintiff now alleges that she and MOORE cohabitated for a number of years until on or about December 31, 2008 and that they jointly purchased, owned and maintained two (2) residential properties, one in Coral Springs, Florida and one in Columbus, Georgia ("Compl. ¶6"). Plaintiff claims she advanced the entire down payment relating to the Florida property, but does not state the date of the purported advance or who received the monies, even though she acknowledges that the Florida property was jointly purchased owned and maintained ("Compl. ¶6 and ¶7"). Additionally, Plaintiff indicates that after cohabitation ended in December 2008, she continued to reside in the jointly purchased, owned and maintained Coral Springs, Florida property without Moore, Moore residing in the jointly purchased, owned and maintained Georgia property ("Compl. ¶13 and ¶19"). The Amended Complaint does not allege that Plaintiff advanced any monies towards the jointly purchased, owned and maintained Columbus, Georgia property. Plaintiff, in her Amended Complaint, now specificity alleges and states that MOORE would "**pay her from proceeds of eventual sales of the properties**" ("Compl. ¶9"), in essence stating she expected to receive the monies she advanced as a down payment on the Florida property which was jointly owned back from the sale of the properties and, therefore, there was no loan. The Amended Complaint does not contain allegations that MOORE received any monies upon the sale of either the jointly owned Columbus, Georgia residential property or Coral Springs, Florida residential property, presumably because both were sold by Plaintiff and MOORE years after they were purchased, with no net proceeds to the Sellers, one of which Seller was Plaintiff.

Based upon the foregoing, the Amended Complaint lacks specificity, is ambiguous, does not state claims upon which relief can be granted, all of which will be addressed in the below Memorandum of Law.

2

## MEMORANDUM OF LAW

I.     **STANDARD FOR GRANTING A MOTION TO DISMISS.**

To survive a Rule 12(b)(6) Motion to Dismiss, a Complaint must contain factual allegations that are "more than labels and conclusions" and are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the Complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965 (2007). Moreover, "conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts will not prevent dismissal." *Snow v. DirecTV, Inc.*, 450 F.3rd 1314, 1320 (11th Cir. 2006).

To survive a Motion to Dismiss, a Complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. Ashcroft v. Iqbal, 556 US 662 (2009).

II.     **THE AMENDED COMPLAINT VIOLATES PLEADING REQUIREMENTS.**

Plaintiff has filed a three (3) Count Amended Complaint against MOORE purportedly based upon an advance of a down payment towards the purchase of a Florida property, alleged to be jointly purchased, owned and maintained by Plaintiff and MOORE, which she expected to receive back from the proceeds of the sale of the properties ("Compl. ¶6, ¶8 and ¶9") There are no terms or conditions relating to any loan by Plaintiff to MOORE stated in the Amended Complaint, and most allegations are set forth in conclusory fashion, without factual support. Plaintiff's allegation that MOORE said he would "pay her from proceeds of eventual sales of the properties" negates all claims asserted by Plaintiff, as MOORE is not alleged to have received any monies from the sale of either jointly owned property.

Plaintiff, in Paragraphs 6-23 of the Amended Complaint, set forth new "General Factual Allegations", but improperly incorporates Paragraphs 6-23 into all three Counts of the Amended Complaint, and which allegations negate Plaintiff's claims, make Plaintiff's claims more ambiguous and otherwise objectionable.

Further, with the contradictory allegations contained in the Amended Complaint, Plaintiff's allegations are ambiguous and objectionable and fail to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the Defendant fair notice of what the ". . . claim is and the grounds upon it rests". *American Dental Association v. Cigna Corp.*, 605 F.3rd 1283 (11th Cir. 2010) in violation of Rule 8(a)(2).

Plaintiff has only attached one document to the Amended Complaint, that being Exhibit "1", a settlement communication/document protected by Rule 408, Federal Rules of Evidence and Florida Evidence Code 90.408 arising in 2009, after the parties' cohabitation ended and while the parties jointly owned two properties, which Exhibit should be stricken, as well as all references thereto.

Rule 9(b) requires a party to state with particularity the circumstances constituting the fraud, thereby satisfying the heightened pleading requirements of Rule 9(b), which Plaintiff has not done, only asserting conclusory allegations.

Accordingly, Plaintiff's Amended Complaint violates Rule 8(a)(2) and Rule 9(b) and improperly incorporates it's General Factual Allegations in all Counts.

    III.    **FAILURE TO STATE A CAUSE OF ACTION AND/OR PLEAD FRAUD WITH SPECIFICITY.**

The Amended Complaint does not cure the shortcomings of Plaintiff's initial Complaint with respect to Count I entitled "Fraud". The elements of a cause of action for fraud, as set forth

4

by the Supreme Court in <u>Hollywood Lakes Country Club, Inc. v. Community Association Services, Inc.</u>, 770 So.2d 716, 718 (Fla. 4th DCA 2000) are: a false statement concerning a material fact; knowledge by the person making the statement that the representation is false; the intent by the person making the statement that the representation will induce another to act on it; and reliance on the representation to the injury of the other party.

Under Florida law, fraud in the inducement "cannot be predicated on a mere promise not performed", or on a "false statement amounting to a promise to do something in the future." <u>Maunsell v. Am. Gen. Life and Accident Inc. Co.</u>, 707 So.2d 916, 917 (Fla. 3rd DCA 1998). Moreover, conclusory allegations are insufficient to support a fraud claim and Fed. R. Civ. Pro. Rule 9 requires a fraud claim to be plead with specificity. Fraud must be based on a material fact not on a promise or prediction of future events. <u>Euro RSCG Direct Response, LLC v. Green Bullion Financial Services</u>, 872 F. Supp. 2d 1353 (S.D. Fla. 2012).

Ambiguous conclusory allegations have been asserted by Plaintiff relating to purported promises years after the alleged down payment was made towards the purchase of jointly owned Florida property, which promises appear to have occurred after they cohabitated in the real property for years. Plaintiff has alleged and now acknowledged in the Amended Complaint, that MOORE would "pay her from proceeds of eventual sales of the properties" ("Compl. ¶9"). An alleged advancement of a down payment by Plaintiff, coupled with Plaintiff alleging the Florida property was jointly purchased, owned and maintained by Plaintiff and MOORE ("Compl. ¶6") and that she would receive the monies she advanced for the down payment back from proceeds from the eventual sales of the properties ("Compl. ¶9"), clearly demonstrates that the elements necessary to state a claim for fraud cannot be stated by Plaintiff. The Amended Complaint now demonstrates that Plaintiff was making an investment in real property where she would cohabitate with MOORE and that she would receive any monies advanced out of the sale of

5

jointly owned properties before MOORE received monies. Additionally, Plaintiff has acknowledged in the Amended Complaint receipt of $40,000.00 subsequent to the parties' cohabitation ending in December 2008 and that they tried to resolve matters arising out of their multi-year relationship in 2009 ("Compl. ¶20").

Accordingly, the conclusory and contradictory allegations asserted by Plaintiff in the Amended Complaint relating to a purported promise to pay monies in the future from proceeds of eventual sale of the properties, cannot form the basis for a fraud claim and violate Rule 9(b) under the circumstances of this case, especially where Plaintiff continued to own and reside at the Florida Property till it was sold in 2015.

Additionally, in Count I, Plaintiff requests attorney's fees, which request is not based upon contract and/or statute and therefore should be stricken.

### IV. FAILURE TO STATE A CAUSE OF ACTION FOR UNJUST ENRICHMENT.

The elements of a cause of action for unjust enrichment are (1) Plaintiff conferred the benefit on the Defendant, who has knowledge thereof; (2) Defendant voluntarily accepted and retained the benefits conferred; and (3) the circumstances of such that it would be inequitable for the Defendant to retain the benefit without paying the value thereof to the Plaintiff. *Peoples National Bank of Commerce v. First Union National Bank of Commerce, et al.*, 667 So.2d 876 (879)(Fla. 3rd DCA 1996). Plaintiff has failed to a plain factual basis to support each element required to support an unjust enrichment claim. Plaintiff alleges she was a co-owner of the Coral Springs, Florida property, which was jointly purchased, owned and maintained until it was sold in 2015. Plaintiff alleges she resided at the Florida property both while the parties' cohabitated until December 2008 and for over five years thereafter until the Florida property was

6

sold in 2015. Plaintiff does not allege that there were any net proceeds from the sale of the Florida property when she and MOORE sold same or how MOORE received any monetary benefit when it was sold, their being none. Being upset that real property purchased before 2008 went down in value and that the sale of the Florida property in 2015 did not result in there being any net proceeds from which Plaintiff could receive monies, does not support a claim for unjust enrichment against MOORE.

Conclusory allegations cannot support a claim for unjust enrichment. Additionally, for the reasons set forth above with respect to the Statute of Limitations, more than four (4) years has transpired since the parties cohabitated and discussed settlement of their differences which occurred purportedly in 2009 ("Compl. ¶7" and Exhibit "1") Plaintiff's unjust enrichment claim would be barred.

Once again, Plaintiff clearly states that she expected to be paid from the proceeds of eventual sales of the properties ("Compl. ¶9"). Since there were no proceeds that would go to either Seller, that being Plaintiff and/or MOORE, there is no basis to support a claim for unjust enrichment. The foregoing allegation which was not contained in the original Complaint, but which identifies that Plaintiff was expecting to get the down payment advanced to purchase the Florida property back from the sale of properties does not support her claim for unjust enrichment, as Defendant did not accept and retain a benefit since there were no proceeds from the sale of the Coral Springs, Florida property nor the sale of the Georgia property. Accordingly, Plaintiff has failed to state a cause of action for unjust enrichment.

V.    **FAILURE TO STATE A CAUSE OF ACTION FOR MONEY LENT.**

A party asserting a cause of action for money lent must plead that (1) money was delivered to the Defendant (2) the money was intended as a loan and (3) the loan was not repaid

when due. *Clarke v. Miracle Temple Ministries, Inc.*, No. 13-1250, 2014 U.S. Dist. LEXIS 39164 at *18 (M.D. Fla. Mar. 5, 2014). Plaintiff seeks relief for money lent, but does not accurately comply with Florida Rule of Civil Procedure Form 1.936, which requires a Plaintiff to allege in relevant part:

> "[p]laintiff, A. B., sues defendant, C. D., and alleges. . . . [d]efendant owes plaintiff $ . . . . . . . . that is due with interest since . . . . . (date) . . . . ., for money lent by plaintiff to defendant on . . . . (date) . . . . ." Fla. R. Civ. P. Form 1.936.

The Amended Complaint does not relate to a loan, but rather references an advance of a down payment for a jointly purchased, owned and maintained property in Florida, at which the parties' cohabitated until December 2008, and after which Plaintiff lived in the Florida property until it was sold by Plaintiff and MOORE in 2015. There is no allegation of "a date that any monies would be due Plaintiff from MOORE with interest" nor are there allegations of "a date that Plaintiff lent money to MOORE" as required by Fla. R. Civ. P. Form 1.936 to state a cause of action for money lent.

Allegations in the Amended Complaint relate to an advance of a down payment for the purchase of a Florida property, which Plaintiff alleges was jointly purchased, owned and maintained. By reason of the real estate market crashing, the properties when sold did not result in either Plaintiff or MOORE receiving any monies, as there were no net proceeds to Sellers from the sale.

In the instant case, the allegations in the Amended Complaint, even when read in the light most favorable to the Plaintiff, do not establish that there was a loan from Plaintiff to MOORE. Instead, the allegations in the Amended Complaint assert that Plaintiff "advanced" the down payment ("Compl. ¶7 and ¶13") for a joint purchase of the Florida property and that Plaintiff was to be paid back "from proceeds of eventual sales of the properties" ("Compl. ¶9"). These facts

8

do not support a claim for money lent, do not evidence a loan from Plaintiff to MOORE, but rather evidence Plaintiff being upset that the sale of the properties did not result in there being any net proceeds to be received by Plaintiff and/or MOORE as Sellers.

By reason of the foregoing, Plaintiff fails to state a cause of action for money lent.

## VI.  RESERVATION OF STATUTE OF LIMITATIONS DEFENSE.

In light of the Court's previous ruling, the arguments asserted relating to the Statute of Limitations barring Plaintiff's claims is hereby reserved in the event that this Motion to Dismiss the Amended Complaint is not granted in whole or in part.

## CONCLUSION

Based upon the foregoing, Plaintiff's failure to state claims upon which relief can be granted and Plaintiff's failure to state a cause of action as required by the Federal Rules of Civil Procedure Defendant MOORE respectfully requests that the Amended Complaint be dismissed and also that Plaintiff's request for attorney's fees in Count I be stricken.

Dated: February 24, 2016.

Respectfully submitted,

_____
MICHAEL A. FISCHLER, ESQUIRE
Florida Bar. No. 255531
FISCHLER & FRIEDMAN, P.A.
Counsel for Defendant, Matthew A. Moore
1000 South Andrews Avenue
Fort Lauderdale, Florida 33316
Telephone No.: (954) 763-5778
Efiling: eservice@ffpa-law.com
Secondary Email: Michael@ffpa-law.com

9

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 24, 2016, I electronically filed a true and correct copy of the foregoing document with the Clerk of Court using the CM/ECF system. The CM/ECF system will deliver notification of filing of the above-referenced document to the following counsel of record: SCOTT A. MAGER, service@MDPlawyers.com, Mager Dolce & Paruas, LLC, 2719 Hollywood Boulevard, First Floor, Hollywood, FL 33020.

                                            FISCHLER & FRIEDMAN, P.A.
                                            Counsel for Defendant, Matthew A. Moore
                                            1000 South Andrews Avenue
                                            Fort Lauderdale, Florida 33316
                                            Telephone No.: (954) 763-5778
                                            Efiling: eservice@ffpa-law.com
                                            Secondary Email: Michael@ffpa-law.com

By: _____
             MICHAEL A. FISCHLER, ESQ.
             Florida Bar No. 255531
             LISA K. BENNETT, ESQ.
             Florida Bar No. 392960