UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 15-62078-CIV-MORENO

CHRISTINA M. CIMAGLIA,

    Plaintiff,

vs.

MATTHEW A. MOORE,

    Defendant.
_____/

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT

Plaintiff seeks money damages in federal court for losses incurred when she and Defendant sold a property they jointly purchased during their eight-year romantic relationship, which ended in 2008. A review of the record leads the Court to conclude that the Plaintiff's evidence on the unjust enrichment and money lent claims is insufficient. Therefore, summary judgment is granted in favor of Defendant.

THIS CAUSE came before the Court upon Defendant's Motion for Summary Judgment **(D.E. 53)**, filed on **September 23, 2017**.

THE COURT has considered the motion, the response, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that Defendant's Motion for Summary Judgment is GRANTED.

### I. Factual Background

Plaintiff and Defendant met at work in 2000. They had a romantic relationship from 2000 to 2008. The Defendant lost his job and moved on to another relationship in 2008. Three years before the relationship ended, in 2005, the Plaintiff and Defendant jointly purchased a

home. Both parties continued making mortgage payments until the Florida property was sold in 2015 at a loss with the Defendant paying over $10,000 to finally facilitate the closing. The dispute here arises around the nature of the $120,000 down payment for that home, which the Plaintiff provided. The Plaintiff claims that she is still owed $80,000 from the original $120,000 down payment because the $120,000 was a loan she provided to the Defendant.

The Defendant disputes that it was a loan. He argues that the $120,000 was a gift without the need for repayment. The Defendant also alleges that he has paid most of the mortgage payments and maintenance even after the end of the romantic relationship and the Plaintiff continued to reside in the home from 2008 to 2015. The Defendant further claims that 1) the financial threshold for federal jurisdiction has not been met; 2) the complaint is barred by the statute of limitations and the doctrine of laches; 3) even if he is liable he has suffered more monetary damages regarding their joint property and therefore, he was not "unjustly enriched"; and 4) there is insufficient evidence of the money used to obtain the joint property being a loan.

## II. Legal Standard

Summary judgment is authorized where there is no genuine issue of material fact. Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970). The party opposing the motion for summary judgment may not simply rest upon mere allegations or denials of the pleadings; the non-moving party must establish the essential elements of its case on which it will bear the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The nonmovant must present more than a scintilla of evidence in support of the nonmovant's

position. A jury must be able reasonably to find for the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 254 (1986).

### III. Legal Analysis

#### A. Diversity Jurisdiction

"A diversity case will not be dismissed 'unless it appears to a legal certainty that plaintiff's claim is actually for less than the jurisdictional amount.'" *Dean Witter Reynolds, Inc. v. Daily*, 12 F. Supp. 2d 1319, 1321 (S.D. Fla. 1998) (quoting *Burns v. Windsor Ins. Co.*, 31 F.3d 1092 (11th Cir. 1994) (citations omitted). In determining the amount in controversy, the Court should look first to the complaint. *Id.* If it is not facially apparent from the complaint that the amount in controversy exceeds the jurisdictional amount, then the court should look to other relevant evidence. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1320 (11th Cir. 2001).

The parties dispute the jurisdictional amount is met in this case. Plaintiff maintains that she is seeking to recover $80,000 in this case, an amount that she claims she lent the Defendant. The original loan amount was $120,000 the Plaintiff contributed as the down payment toward the joint purchase of a home minus $40,000 the Defendant paid her when their relationship ended in 2008. This Court cannot say to a "legal certainty" that the amount in controversy is less than $75,000. Accordingly, the Court has diversity jurisdiction over this matter.

#### B. Statute of Limitations and Laches

Defendant asserts Florida's statute of limitations bars Plaintiff's recovery. Florida Statute § 95.11(3)(j) and § 95.11(4)(b) require unjust enrichment and money lent claims to be brought within four years. In this case, the Plaintiff provided the down payment on the house in 2005, which forms the basis of her claims. The Court disagrees with Defendant that the statute of limitations bars Plaintiff's claims. As Plaintiff claims this was an oral loan agreement without

3

formal payment terms, the statute of limitations would begin to run when the Plaintiff demanded repayment of the loan. *Mosher v. Anderson*, 817 So. 2d 812, 813 (Fla. 2002). Here, it was not until the sale of the property resulted in a loss to both sides that the Plaintiff realized she would not recover the $120,000 and that is when she demanded repayment from the Defendant. She filed this case a few months later. Accordingly, the Court finds the statute of limitations does not bar this action.

The motion for summary judgment also argues summary judgment is appropriate because laches bars the Plaintiff's action from proceeding. Plaintiff filed this case on October 2, 2015, four months after the sale of the Florida property that resulted in a financial loss. Due to the loss at the 2015 sale, Plaintiff was unable to recover the down payment she provided. Accordingly, the Court does not find laches doctrine operates to bar Plaintiff's claims.

C. *Unjust Enrichment*

Florida law requires a claim for unjust enrichment to satisfy four essential elements: (1) the plaintiff must confer a benefit upon the defendant; (2) the defendant must have knowledge of the benefit; (3) the defendant accepts and retains the benefit; and (4) the circumstances are such that it would be inequitable for the defendant to retain the benefit without paying the value thereof. *State Farm Mutual Automobile Ins. Co. v. Physicians Grp. of Sarasota, LLC*, 9 F. Supp. 3d 1303, 1311-12 (M.D. Fla. 2014) (quoting *Jackson-Jester v. Aziz*, 48 So. 3d 88, 90 (Fla. 2d DCA 2010). As a general rule, where a defendant has given adequate consideration to a plaintiff for the benefit conferred, a claim of unjust enrichment fails. *Id.* ( quoting *Am. Safety Ins. Serv. Inc. v. Griggs*, 959 So. 2d 322, 331-332 (Fla. 5th DCA 2007)).

The record in this case does not allow a reasonable jury to conclude that the Defendant was unjustly enriched. The parties <u>jointly</u> purchased the property in 2005 and both sides

4

incurred a loss ten years later when they sold the home in 2015. At the time of the purchase, the Plaintiff provided $120,000 as the down payment and she executed a $50,000 Gift Certification at the time of the 2005 purchase of the home. When the Defendant moved out of the home in 2008, he paid the Plaintiff $40,000. In this case, the Plaintiff lived in the Florida property without the Defendant for over 6 years and the Defendant contributed some of the mortgage payments. The Defendant also contributed $10,709.55 to facilitate the closing on the Florida property in 2015. Assuming that the Plaintiff can show she conferred a benefit on the Defendant by providing a $120,000 loan, there is insufficient record evidence to show that "it would be inequitable for the defendant to retain the benefit without paying the value." Where the parties jointly purchase and sell a property at a joint loss and the record shows the Defendant has provided adequate consideration in the form of monies paid to the Plaintiff, mortgage payments, and allowing her the sole use of the home, the Court cannot allow an unjust enrichment claim to proceed to trial.

D. *Money Lent*

"An action for money lent is an action at law which lies whenever there has been a payment of money from the plaintiff to the defendant as a loan." *Paladin Shipping Co. Ltd. v. Star Capital Fund, LLC*, No. 10-21612-CIV-ALTONAGA, 2010 WL 3419397, at *2 (S.D. Fla. Aug. 27, 2010). To state a claim for money lent, a plaintiff must show: (1) money was delivered to the defendant, (2) the money was intended as a loan, and (3) the loan has not been repaid. *Id.*

5

The record evidence does not support a claim for money lent. The parties have stipulated that the Plaintiff's $120,000 was used by the parties as the down payment on the joint purchase of a property. The Plaintiff's evidence is insufficient to satisfy the first prong of a money lent claim under Florida law (i.e. the money was delivered to the defendant). In addition, the Court finds the record insufficiently establishes that the money was intended as a loan due to the Plaintiff's execution of a Gift Certification at the time of the transaction, the $50,000 value of the Gift Certification undisputedly formed part of her $120,000 contribution toward the joint purchase of the home. The only evidence Plaintiff has to show the money was intended as a loan is after-the-fact e-mails years after the initial purchase. The Court does not find those e-mails sufficiently establish the Plaintiff's $120,000 contribution toward the joint purchase of the home sufficiently establish the second element of a money lent claim. Accordingly, the Court grants summary judgment on the money lent claim.

DONE AND ORDERED in Open Court at Miami, Florida, this 17th of January 2017.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record